All right, I see Mr. Postman. Yes, Your Honor. All right, and I see Ms. Evangelos. All right, we can proceed. Ms. Evangelos. Thank you, Your Honor, and may it please the court. D.N.A. Evangelos on behalf of Postmates. I'd like to reserve two minutes for rebuttal. That's fine. This case is about whether 200 claimant appellees violated the individual arbitration requirement in their arbitration agreements with Postmates when they aggregated their arbitration demands together. Before we get to the merits, we need to think about appellate jurisdiction. I'm worried about 9 U.S.C. section 16b1 and 2, which say that there can't be any appeal from the district court order staying litigation in favor of arbitration. And the district court certainly described its order as one staying this litigation in favor of arbitration. So how is this appealable? This is appealable, Your Honor, as this court's decision in American International Specialty Lines versus Electronic Data Systems Corporation explained, because the case was brought solely for an order compelling arbitration. And when that was disposed of, disposed of the case entirely. So it does not matter that the case was stayed. It was stayed merely for the purpose of allowing the parties to come back and affirm an arbitral award. That happens frequently. And it is therefore a final decision. If you look at the Supreme Court's decision in Greentree, Greentree said that an order in favor of arbitration is final. If it really is the end of the case. But what you're saying is, well, it's final even if it's not the end of the case, even if there are going to be more proceedings, such as confirming an award. That does seem different from what Greentree said. No, Your Honor. Actually, our position is entirely consistent with Greentree, where there's nothing left for the court to do. And here, there is nothing left of this case. Whether there's something left is, you just said, well, to confirm an award, we'd go back to the same district court. What Greentree assumed was true was that to confirm an award, you have to file a brand new lawsuit, which might go, who knows, to what court or what judge. If this is a stay and the same judge is going to be back thinking about confirming an award, it sounds like it's squarely within the scope of 16B1 and 2, rather than within the scope of Greentree. That's what's bugging me about this case. Well, Your Honor, this court's decision in American International Specialty Lines is exactly on point here. The situation was exactly the same there. The court's order was immediately appealable because it was a final order with respect to arbitration. And that's consistent, what we are saying here, is exactly on all fours with this court's precedent in this area. There is nothing left for the district court to do. The parties... But maybe there will be later, right? That's my problem. Why, why, in your view, is this not squarely governed by section 16B1 and 2? It is not, Your Honor, because, again, there is nothing left for this court... Just at this moment. But that's what 16B1 and 2 are about. A stay in favor of arbitration leaves absolutely nothing for the district court to do at this moment. Everything else goes to the arbitrator. If you would engage with the language of the governing statute, that would make me happier. Well, Your Honor, I believe that this is covered by section 16A3 because... If you would engage with the language of section 16B1 and 2, that would make me happier. Thank you, Your Honor. This court found in American... If you would engage with the language of 16B1 and 2, that would make me happier. It's obvious you're not willing to discuss the statute. But I would like you to discuss the statute rather than something else that you prefer to discuss. Your Honor, I'm pulling out my copy of the statute. Thank you. And, Your Honor, again, the section that I believe governs here is 16A because it is A3, which is a final decision. And B, section B, does not apply because courts have treated in order in this... By any small chance, I'm asking this for the last time, could you engage with the language of the statute? Don't tell me what you think courts have held about the statute. Deal with the language of the statute. Yes, Your Honor, this is a, quote, final decision with respect to an arbitration. That's not what... Oh, I give up. You are refusing to address the language of 16B1 and B2. It says in the appeal... I give up. I give up. You're just refusing to engage. That's not a good strategy, by the way. You may persuade me or you may not, but refusing to engage the question is not a good strategy. I apologize, Your Honor. I was attempting to read the statute and while B1 does say granting a stay of an action, this is also here. There was a stay entered. That is correct. Your Honor is correct, but it was in the context of a final decision. And the court, the district court here closed to this case, Your Honor, just this week. It closed the case for, I think... Administratively. Yes, that is correct. It did not enter a Rule 58 judgment. Did you notice that? No, it did not. Rule 58 judgment marks the end of the case. What you're telling us is that you expect that one will go back at the end of the arbitration for an order confirming or setting aside as part of this case. And as I've already said, that was not what happened in Greentree. We may have problems in circuit law looking in different directions, but we try most of the time to follow the decisions of the Supreme Court and to follow the language of the statute. And you are running away as fast as you can from the language of the Supreme Court and the language of B-1 and 2. And you might expect that would worry some judges. Your Honor, I'm not running away from it. I believe that in situations like this, courts have found that A-3 governs and that they've treated this as a final decision. And it is true, as Your Honor points out, that there was a stay and there's still nothing left of the case. So, it's treated as a final decision with respect to arbitration. And if this Court would disagree with that, it would be creating an intra-circuit split with the case law that we've cited. So, Your Honor, I would— I would think, Ms. Evangelist, you would argue that this is not, in fact, an interlocutory order, which is what the statute actually refers to, B-1 and 2. Yes, that is true, Your Honor. It is not interlocutory because it is a final decision with respect to arbitration. And that's the argument based in the statutory language? Yes, Your Honor, that's correct. Okay. And I would like to turn to what is before this Court. This case is about whether 200 claimants violated the individual arbitration agreement in their—individual arbitration requirement in their agreement when they filed a single mass arbitration. And this appeal is about who decides that question, a court or an arbitrator. The District Court held that the arbitrator must decide, but that's wrong for two reasons. First, the agreement's delegation clause expressly states that it does not apply to the class and representative action waivers which contain the individual arbitration requirement. The central dispute in this case is whether the claimants violated the waiver's individual arbitration requirement, and that dispute must be decided by a court, not an arbitrator. Second, as both the Supreme Court and this Court have held, when a delegation clause does not clearly and unmistakably delegate a question of arbitrability to an arbitrator, a court must decide the question. At most here, the delegation clause is ambiguous. If claimants are—if their arguments have any persuasive appeal, then that would make delegation improper. So we believe that the Court should reverse and remand so that the District Court can decide whether claimants have sought to arbitrate in a manner that violates the waiver's individual arbitration requirement. I'd like to begin with the applicable legal framework, and then I will turn to the text of the delegation clause. Under the Supreme Court's decisions in first options and rent-a-center, a question of arbitrability is presumptively for a court to decide unless there is clear and unmistakable evidence that the parties agreed to delegate it. And in Harrington, this Court held that the question whether an arbitration agreement permits non-individual arbitration is a question of arbitrability that is presumptively for a court. And the parties agree that this is a question of arbitrability here. And the Fifth Circuit's decision in 2020 Communications v. Crawford, a recent decision, is also quite persuasive and actually quite applicable here because there, like here, there was also a class waiver, and wherever there is a class waiver, the Fifth Circuit reasoned that that would foreclose any suggestion that the parties clearly and unmistakably delegated the availability of non-individual arbitration to the arbitrator. And the Court said it would be difficult to imagine why the parties would prohibit any non-individual arbitration and then give the arbitrator the authority to decide. So here, we're dealing with, again, an agreement that has a class and representative waiver. It prohibits anything other than individual arbitration. And while it does contain a general delegation clause, there is nothing that specifically delegates to the arbitrator the disputes relating to those waivers. In fact, I will turn to the text of the agreement. It The key provisions are in Sections 11A2 and 11B4. Section A2 contains the general delegation clause, but the very next sentence contains a broad exception that says, as stated in Section 11B4 below, the preceding clause shall not apply to the class action waiver and representative action to the enforceability of the waivers, but nothing in that section limits the scope of the exception to those disputes that are listed there. We believe that these are simply common types of challenges that are called out for the avoidance of doubt and in an abundance of caution. So claimant's interpretation here, we think, is wrong because there's nothing inherently limiting in the word stated. As stated in, we believe, means as further stated in. They say it means as only stated in. Those are two different interpretations. That is true. At best, then that would insert some ambiguity into the agreement. But of course, where there's ambiguity, then a court has to decide the dispute because it's not clearly and unmistakably delegated to an arbitrator. So the courts, this court's cases and the Supreme Court's cases, very clearly have articulated what we believe are two clear statement rules, in effect, that courts must decide whether an arbitration agreement permits a form of arbitration that diverges from traditional individual arbitration unless the parties clearly and unmistakably delegate it. And second, the parties may not be required to arbitrate in a manner that deviates from traditional individual arbitration unless expressly authorized by the party's agreement. And so for that reason, we believe that a court must decide the party's dispute. I'll reserve the remainder of my time for rebuttal. Thank you. Thank you, Mr. Postman. Thank you, Your Honors. And may it please the Court. I'd respectfully, I'm sorry, I didn't know if I was, I didn't hear Judge Easterbrook, but I may have talked over you. I saw. No, go ahead. I'd respectfully disagree with my friend that this case is about the demands appellees filed for this case. This case is about the district judge's order. And the question is, how is Postmates injured by the district court's order? Postmates' standing argument essentially rests on the claim that the district court is forcing it to engage in class arbitration. And if that premise were true, I'd agree, Postmates would have standing. But that premise is just obviously false. The court compelled arbitration pursuant to the mutual arbitration provision in the party's contract. The court noted that that provision requires individual arbitration. That's in the required short appendix at one and two. And appellee stipulated that that agreement required individual arbitration. So in fact, there's no question or basis to conclude that the court forced Postmates to engage in a class arbitration proceeding. The only disputes that remain in this matter is what filings and fees the American Arbitration Association requires the parties to submit in order to commence and proceed with individual arbitration. And that has nothing to do with whether some representative appellee could bring a class action. And so Postmates asking for this court to force the district court to answer a question that just doesn't matter. There's two ways to illustrate this. First, compare this case to Lamps Plus v. Varela, which is a case Postmates relies on extensively in its brief. In Lamps Plus, the district court expressly compelled the defendants, quote, to arbitrate class claims, end quote. And that's from the district court's decision, which I can provide a citation for if helpful. Mr. Postman, before you continue along this line of argument, this is your motion to compel, right? Arbitration? Correct. We initially filed a motion. Postmates did file a cross motion. Oh, there was a cross motion? Correct. Okay. So Lamps Plus was ordered to arbitrate on a class-wide basis. They clearly had standing to seek review of that. But there's no standing to keep fighting about class arbitration once the district court has ordered individual arbitration. The second way to think about this is consider what revisions to the district court's order would remedy Postmates' supposed injury. Would it help if the district court said appellees have to bring arbitrations that are really, really individual or really, truly individual? I don't think so because all the parties already agree with that. The only thing I can think that would help Postmates would be statements about how individual arbitrations should proceed at AAA. For example, in the district court, Postmates wanted the court to require that each demand state the amount in controversy or provide additional information about each claimant. But that simply has nothing to do with class arbitration. Those issues address the procedural niceties of individual arbitration, which Postmates has never attempted to argue fall within the district court's purview. So to put it one more way, if Postmates won this appeal and then also won on remand on its class arbitration argument and the district court said no class arbitration, we'd be right back where we are today. All the district court could do at that point would be to say that the parties must arbitrate individually and comply with AAA's requirements for doing so. And for that reason, I think Postmates is really just asking for advisory opinion on an irrelevant issue, and there's no standing. Turning to the delegation issue, this is not a case where there are two competing readings, both of which create redundancy or contradiction. On Appelli's reading, every provision has a purpose and is accurate. Mr. Postmates, do you have a position on the question of appellate jurisdiction under the statute? Yes, Your Honor. And I think you honed in on the key piece of the statute. So 9 U.S.C. Section 16B imposes a set of prohibitions on an appeal taken from an interlocutory order. I would agree with Judge Easterbrook that the logic of Green Tree would suggest that what we have here is interlocutory. I do think that under circuit precedent, American International specialty lines, which postdates Green Tree by several years, this fact pattern was treated as interlocutory. Do you know what other courts of appeals have said about the single sentence in American International saying, well, even if it's still open on the docket, on the district court's docket, for the purpose of confirming or setting it aside on a board, we'll treat it as what they said was final enough. Do you know what other circuits have said about that? I do not. I apologize, Your Honor. It certainly isn't what Green Tree said. Understood. And we certainly would be happy to have the case dismissed on that ground. We felt under. You'd be happy to have the case dismissed on that ground. We've already called for supplemental briefing on appellate jurisdiction, and you agreed that we have it. Your Honor, I felt bound under the duty of candor to provide my view of what American International specialty said. It is a case from this circuit. I don't think there's any obligation on lawyers to parrot back to courts of appeals highly questionable stray sentences in opinions, especially when they're hard to reconcile with controlling authority from the Supreme Court in Congress. I understood, Your Honor. And as this is a question of jurisdiction, you know, I, as I said, do believe that the logic of Green Tree supports a reading that this is interlocutory and that under 9 U.S.C. 16 B. 2, there is no appellate jurisdiction. It was, I need a point of clarification about what happened in the district court. That there's really, I mean, there really isn't anything left to the case because this was a motion to compel or a petition to compel arbitration. And then as we've clarified, for my purposes, a cross motion or cross petition to compel arbitration. Did anybody ask the court to stay the action and keep it open for something else or further proceedings after the arbitration? Or was that sua sponte? Because there isn't any other issue before the court that was. Right. You're correct that there are no other issues, Your Honor. My understanding is that Postmates in its cross motion did ask for the matter to be stayed. And so that was a. So the judge was responding to that request, that remedial request. It appears so, Your Honor. But I agree with your broader point that there really is not much here. And if I could be fairly frank, I think underlying all of these issues is the fact that Postmates isn't actually upset with 200 couriers violating the arbitration requirements. They're upset that too many of them complied with it. There were 200 couriers. Let's finish up on appellate jurisdiction. Yes, Your Honor. Do you think it would be within our Look, the only thing that might make this not final is the prospect of coming back later to confirm or set aside an award. But since nobody in this litigation has sought that and the judge has resolved the only thing the party has asked her to do, it's final and appealable. And then if anybody dislikes the award, they can just file a separate lawsuit. Would it be within our authority to say that? And then the whole problem goes away. I'm considering your question, Your Honor. The way you've attempted to thread the needle, I do think would be a little problematic in that there should be an opportunity for the disappointed party, putting aside the question of standing for a moment, for a party disappointed with an order compelling arbitration to take an appeal in that action. You don't appeal an arbitral order. You file a lawsuit asking to have it set aside, right? And we could say you have to file a new lawsuit and pay a new filing fee rather than just continue filing motions in this suit. If you can just go right on filing motions in this suit, that's my problem. Then it doesn't look like there's been a final decision in the district court. But if you can't file any more motions in this suit but have to file a new suit, then this decision looks final. I understand, Your Honor, and I actually, I'm not, I'm genuinely just trying to think this through with you. I believe your position— Well, American International did say that this jurisdictional issue has been a mess, and I think it was left messier after that decision than it was when they found it. But, Your Honor, I believe, though, that your position, if I'm understanding it correctly, would result in a situation where a party disappointed by an order compelling arbitration would not be able to take an appeal. Yes, they would. They would just have to seek confirmation or an order setting aside the arbitration in a separate suit. Anyway, you'd better finish your argument on the merits. We've spent enough time on jurisdiction. Thank you, Your Honor. So I was noting that I don't think that there are sort of two competing reasons, both of which create conflict or redundancy. Appellee's reading gives meaning to every provision. There's a broad categorical delegation clause, and I'm looking at section 11A2, which is at the required short appendix. It's quoted in the district court at page 2 of that appendix. The signposting clause says, as stated in section 11B4 below, the preceding clause shall not apply to the class action waiver and representative action waiver. What does it mean for a delegation clause to not apply to a class waiver? It's a little ambiguous, but that's why it says, as stated below, go find out below how. And so there is then, in the following section, a specific description of when the delegation clause does not apply, when there is a claim that all or part of the class action waiver is unenforceable, unconscionable, void, or voidable. And if there were any doubt that that was an exclusive list, the next sentence says, all other disputes regarding interpretation, applicability, enforceability of the provision shall be determined exclusively by an arbitrator. So our reading has that first sentence as a signposting clause, and we know contracts do this regularly. This very contract does it on the first page by saying there's a mutual arbitration provision below that you should review, and it requires the parties, quote, to resolve disputes on an individual basis to the fullest extent permitted by law. As we note in our briefs, that's not actually true. The fullest extent permitted by law would be everything including unconscionability of the class waiver going to an arbitrator. So that's a general signposting clause. We know those happen. Postmates' position, in essence, is that the key provision stated below that lists the ways in which the delegation clause doesn't apply is illustrative. But as the district court pointed out, there's close to a dozen situations in which this contract has illustrative clauses, and they all say including but not limited to. This was drafted by sophisticated lawyers. When you want to be illustrative, every lawyer loves to say including but not limited to to make sure nobody treats it as exhaustive. This is the exact opposite. It lists the specific grounds for getting out of the delegation clause, and then in the very next sentence says all other disputes regarding interpretation shall be determined exclusively by an arbitrator. To touch briefly on the standard here, we certainly think that the contract clearly and unmistakably reserves these issues for the arbitrator, but the first options opinion dealt with a very different situation. The parties here have clearly thought the contract clearly addresses extensively and particularly which issues should be delegated and which should not. In that context, I would submit it doesn't make sense to put a thumb on the scale. The Harrington case my friend cited, the 2020 communications case, I don't believe any of those dealt with or addressed the issue of a delegation clause that is carefully crafted in this way. So we would respectfully request that the court affirm the district court's order. If there are no further questions, I see my time's up. Thank you very much. Ms. Evangelos. Thank you, Your Honor. I'd like to address the standing argument. Postmates absolutely have standing here because the district court denied its request for an order compelling arbitration on an individual basis in part. So under Lamps Plus, there was a discussion there. The Supreme Court said a party had standing to appeal and that's exactly what happened here. And also the question of who decides, that is an important question. The Supreme Court has considered cases that involve solely the dispute over who decides, for example, in Henry Schein. So we know that that is another injury here. And so the district court, going back to the jurisdictional question one last time, Judge Easterbrook, the Ninth Circuit has agreed with this court and held that in circumstances just like this, where a case is stayed but there's nothing left to do, that it's final for purposes of jurisdiction. I looked at the Adams decision from the Ninth Circuit and it doesn't mention jurisdiction. Is there some other case where the Ninth Circuit's dealt with that? Yes, Your Honor, there is. The Ninth Circuit, the case is International Alliance versus NSYNC. The citation is 801 F3rd at page 1040. That's similar. I know your time has expired, but I've got one question that I should have asked you earlier. What is the status of Adams? There is a hint in one of the briefs that it was after the Ninth Circuit decided the appeal, or is it still alive? No, Your Honor, it is still alive. Okay, thank you. Thank you. And the district, and again, just on the standing point and the appellate jurisdiction, the district court denied our motion to compel in part, so there is also jurisdiction under section A1C, which is denying an application for a motion for an order compelling arbitration. So there is that basis as well, and this is not interlocutory. Thank you very much for the court's questions. All right, thank you very much. Our thanks to both counsel. The case is taken under advice.